UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESUS M. SALCIDO,<br><br>           Plaintiff,<br><br>           v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>           Defendant. | No. CV 13-4772-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**BACKGROUND**

Plaintiff filed this action on July 5, 2013, seeking review of the Commissioner's denial of his applications for Disability Insurance Benefits and Supplemental Security Income. The parties filed Consents to proceed before the undersigned Magistrate Judge on July 18, 2013, and August 6, 2013. On April 2, 2014, defendant filed an Ex Parte Motion to Remand Pursuant to Sentence Four of 42 U.S.C. 405(g) ("Motion"). Specifically, defendant concedes that remand is required because: (1) the Administrative Law Judge ("ALJ") erred in his evaluation of the medical evidence by finding that the opinion of the medical expert, Dr. Steven Gerber, was entitled to "significant weight" as "the most comprehensive" medical opinion in the record when, in fact, Dr. Gerber testified that he

1  did not review all of the medical evidence from 2011, which includes the opinion of treating
2  physician Dr. Paulino Yanez; and (2) the portion of Dr. Gerber's testimony discussing whether
3  plaintiff meets or equals Listing 1.04 is inaudible.  (Motion at 2) (internal quotation marks and
4  citation omitted).  As a result, defendant requests that the Court remand the instant case with the
5  following instruction: "On remand, the [ALJ] will evaluate whether Plaintiff meets or equals Listing
6  1.04 and obtain supplemental evidence from a medical expert." (Id.).  Finally, defendant states
7  that the Motion was filed ex parte "because although the [Commissioner] agrees this matter must
8  be remanded, the parties cannot agree on the scope of the remand after engaging in good faith
9  negotiations." (Id.).

10  On April 3, 2014, the Court held a telephonic status conference with the parties and ordered
11  both to include their respective positions concerning the scope of the remand order in a Joint
12  Stipulation ("JS").  The parties filed their JS on April 21, 2014.  In the JS, plaintiff agrees that
13  remand is required, but contends that defendant's proposed language is too narrow.  (JS at 13-
14  14).  In particular, plaintiff maintains that the ALJ should also be required to reassess plaintiff's
15  credibility and, if necessary, reevaluate steps four and five.  (Id.).  Defendant appears to agree
16  with plaintiff's position for the most part, but argues that the additional language proposed by
17  plaintiff is unnecessary since if the ALJ finds plaintiff does not meet or equal a Listing at step three,
18  the ALJ is required to continue with the sequential evaluation process.  (JS at 15).

19  The Court has taken the Motion and JS under submission without oral argument.

## II.

## STANDARD OF REVIEW

23  Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's
24  decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial
25  evidence or if it is based upon the application of improper legal standards.  Berry v. Astrue, 622
26  F.3d 1228, 1231 (9th Cir. 2010).

27  "Substantial evidence means more than a mere scintilla, but less than a preponderance;
28  it is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (internal quotation marks and citation omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (internal quotation marks and citation omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.'").

### III.

### **REMAND FOR FURTHER PROCEEDINGS**

Here, as both parties agree, remand for further proceedings is required because the ALJ's decision is not supported by substantial evidence and there are outstanding issues that must be resolved before a final determination can be made. (See JS at 13-15); Benecke v. Barnhart, 379 F.3d 587, 593-96 (9th Cir. 2004). Under the circumstances, and in an effort to terminate these proceedings, the Court will set forth the scope of the remand proceedings as clearly as it can. First, because the ALJ erred in his evaluation of the medical evidence, on remand, the ALJ will, with the assistance of a medical expert, reevaluate the medical evidence, including the opinion of plaintiff's treating physician Dr. Yanez. The ALJ shall explain the weight afforded to each medical opinion and provide legally adequate reasons for the rejection of any portion of the opinion(s). Second, the ALJ shall reassess plaintiff's credibility and provide specific clear and convincing reasons for rejecting any portion of plaintiff's subjective allegations.

Third, with the assistance of the medical expert, the ALJ shall reassess at step three whether plaintiff meets or equals a Listing, including Listing 1.04. Finally, if necessary, the ALJ

shall reassess plaintiff's RFC and, with the assistance of a vocational expert, determine whether plaintiff is capable of performing any past relevant work or other work existing in significant numbers in the national economy.

## IV.
## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) defendant's Ex Parte Motion for Remand **(Dkt. No. 17)** is **granted in part and denied in part**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: May 9, 2014

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4